GRAHAM-BUMGARNER CO., PEITTIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 8357.   Promulgated April 16, 1928.

*S. A. Hays, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

604

OPINION.

LITTLETON : Petitioner's first contention is that, since it was on the accrual basis in 1918 and 1919, the amount of $10,043.26, or at least $2,167.36 thereof, represented a valid claim against the Government at the close of 1918 and, therefore, should have been accrued and reported as income in 1918. To this we can not assent. The most that can be said is that in 1918 petitioner had a contract with the Government, and that upon the signing of the Armistice petitioner was ordered to stop work under the contract. At the close of 1918, there had been no recognition of liability on the part of the Government to make any payments for work done, or expenditures made, under the contract. While it might be reasonable to assume that petitioner could have expected, when the work was ordered stopped, that it would be reimbursed in some manner, there was no assurance of this fact and, consequently, no basis on which an accrual of income could then have been predicated. Apparently, one of the reasons for inserting a provision in the Revenue Act of 1918 under which income derived in 1919 from Government contracts would be taxed at 1918 rates was because of the realization that amounts would be paid in 1919 in the settlement of these contracts which represented 1918 profits, but that no basis existed for determining the extent to which payment would be made on a particular contract until settlement was finally effected. *Goss Printing Press Co.*, 11 B. T. A. 365.

The second proposition advanced is that while there was admittedly some profit in the item of $7,875, the amount of $2,167.36 could not represent income, since it was " simply. a reimbursement of actual expenses incurred by the taxpayer in connection with the contract." That is to say, where an award is made in the settlement of a Government contract, does the portion paid in reimbursement of expenditures made under the contract constitute income ? A similar situation arose in the *A. B. Kirschbaum Co.*, 5 B. T. A. 65, in which the

606

Board held that a "reasonable remuneration for expenditures and obligations or liabilities necessarily incurred in performing or preparing to perform" under a Government contract analogous to the one involved in this proceeding, constituted income. The wording of the cancellation agreements, as to the bases of the awards, is practically identical in both instances. See *R. Hoe & Co.*, 7 B. T. A. 1277, wherein the same principle was affirmed.

In passing, it might be observed that when petitioner is required to pay tax at the 1918 rates on the income in question received in 1919, no apparent injustice is being done for the reason that the income which would otherwise have been reported in 1918 was reduced to the same extent that income is now being reported, since the expenditures for which reimbursement was made were taken as deductions from gross income in 1918.

*Judgment will be entered for the respondent.*